IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUN 27 P 3: 30

**BRUNICE PATTERSON,**    )

    )

    **Plaintiff,**    )

    )

**v.**    )

    )

**AUTO-OWNERS INSURANCE**    )

**COMPANY, a foreign**    )

**corporation, BILL REAVES, an**    )

**individual, and Fictitious**    )

**Defendants A-Z,**    )

    )

    **Defendant.**    )

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**CIVIL ACTION NO.:**

2:07CV596- 1D

## ANSWER OF DEFENDANT AUTO-OWNERS INSURANCE COMPANY TO COMPLAINT

**COMES NOW** Defendant, Auto-Owners Insurance Company (hereinafter Auto-Owners), and answers Plaintiff's complaint as follows:

### (RESPONSES TO ALLEGATIONS OF THE COMPLAINT)

1.    Defendant Auto-Owners admits Plaintiff is a resident citizen of the State of Alabama and upon information and belief that she resides in Covington County, Alabama.

2.    In response to paragraph 2 of Plaintiff's complaint, Defendant admits Auto-Owners Insurance Company is a mutual insurance company incorporated or organized under the laws of the State of Michigan with its principal place of business in the State of Michigan, and licensed to do business in the State of Alabama. Defendant further admits and avers that Auto-Owners is not incorporated or organized under the laws of the State of Alabama, and does not have its principal place of business in the State of Alabama.

3.    Defendant Auto-Owners denies the allegations contained in paragraph 3 of

the complaint and demands strict proof thereof.

4.    In response to paragraph 4 of Plaintiff's complaint, Defendant denies that Auto-Owners Insurance Company issued or sold any type of contract of insurance to Plaintiff Brunice Patterson. In further response to paragraph 4 of the complaint, Defendant admits that Auto-Owners Insurance Company issued an Auto-Owners Insurance Company Homeowners Insurance Policy (Policy No.:42-153-809-01) to George Patterson which contained certain coverages as defined and limited in the terms, conditions, provisions, and exclusions contained in said Homeowners Insurance Policy. A copy of the pertinent Auto-Owners declaration pages and Accidental Death Benefit coverage endorsement [Endorsement 17780 (5-03)] of the Homeowners Insurance Policy are attached hereto and adopted by reference herein. Defendant Auto-Owners denies Plaintiff was entitled to payment of accidental death benefits for the death of George Patterson. On information and belief, Defendant Auto-Owners admits Plaintiff Brunice Patterson is the surviving spouse of George Patterson, deceased. Defendant Auto-Owners denies the remaining allegations of paragraph 4 of the Plaintiff's complaint and demands strict proof thereof.

5.    Defendant Auto-Owners on information and belief admits George Patterson died on November 29, 2006. Defendant has insufficient information upon which to admit or deny the remaining allegations contained in paragraph 5 of the complaint and therefore denies said allegations and demands strict proof thereof.

6.    Defendant Auto-Owners admits that at times relevant to Plaintiff's complaint, Defendant Bill Reaves was employed as a Field Claim Representative by Auto-Owners Insurance Company and participated in the investigation of Plaintiff's claim . Defendant Auto-Owners denies the remaining allegations contained in paragraph 6 of the complaint

2

and demands strict proof thereof.

7.    In response to paragraph 7 of the complaint, Defendant Auto-Owners admits Plaintiff and/or her representative made a request for accidental death benefits regarding the death of George Patterson and for which Auto-owners determined no accidental death benefit was payable.  Defendant Auto-Owners denies the remaining allegations contained in paragraph 7 of the complaint and demands strict proof thereof.

### (COUNT ONE - BREACH OF CONTRACT)

8.    In response to paragraph 8 of Plaintiff's complaint Defendant Auto-Owners adopts the preceding paragraphs of this answer as if fully set forth herein.

9.    In response to paragraph 9 of Plaintiff's complaint, Defendant denies that Auto-Owners Insurance Company issued or sold any type of contract of insurance to Plaintiff Brunice Patterson.  In further response to paragraph 9 of the complaint, Defendant admits that Auto-Owners Insurance Company issued an Auto-Owners Insurance Company Homeowners Insurance Policy (Policy No.:42-153-809-01) to George Patterson which contained certain coverages as defined and limited in the terms, conditions, provisions, and exclusions contained in said Homeowners Insurance Policy.  A copy of the pertinent Auto-Owners declaration pages and Accidental Death Benefit coverage endorsement [Endorsement 17780 (5-03)] of the Homeowners Insurance Policy are attached hereto and adopted by reference herein.  Defendant Auto-Owners denies Plaintiff was entitled to payment of accidental death benefits for the death of George Patterson.  On information and belief, Defendant Auto-Owners admits Plaintiff Brunice Patterson is the surviving spouse of George Patterson, deceased.  Defendant Auto-Owners denies the remaining allegations of paragraph 9 of the Plaintiff's complaint and demands strict proof thereof.

3

10.    Defendant Auto-Owners denies the allegations contained in paragraph 13 of the complaint and demands strict proof thereof.

### (COUNT TWO - BAD FAITH)

11.    In response to paragraph 11 of Plaintiff's complaint Defendant Auto-Owners adopts the preceding paragraphs of this answer as if fully set forth herein.

12.    In response to paragraph 12 of Plaintiff's complaint, Defendant denies that Auto-Owners Insurance Company issued or sold any type of contract of insurance to Plaintiff Brunice Patterson.    In further response to paragraph 12 of the complaint, Defendant admits that Auto-Owners Insurance Company issued an Auto-Owners Insurance Company Homeowners Insurance Policy(Policy No.:42-153-809-01) to George Patterson which contained certain coverages as defined and limited in the terms, conditions, provisions, and exclusions contained in said Homeowners Insurance Policy. A copy of the pertinent Auto-Owners declaration pages and Accidental Death Benefit coverage endorsement [Endorsement 17780 (5-03)] of the Homeowners Insurance Policy are attached hereto and adopted by reference herein.    Defendant Auto-Owners denies Plaintiff was entitled to payment of accidental death benefits for the death of George Patterson.    On information and belief, Defendant Auto-Owners admits Plaintiff Brunice Patterson is the surviving spouse of George Patterson, deceased.    Defendant Auto-Owners denies the remaining allegations of paragraph 12 of the Plaintiff's complaint and demands strict proof thereof.

13.    Defendant Auto-Owners denies the allegations contained in paragraph 13 of the complaint and demands strict proof thereof.

4

**GENERAL DENIAL**

14.     Defendant Auto-Owners denies each and every material allegation and damage alleged or claimed in the complaint which is not expressly admitted in this Answer and demands strict proof thereof.  Defendant Auto-Owners denies that Plaintiff is entitled to recover any damages, attorneys fees or relief whatsoever.

**ADDITIONAL DEFENSES, RESPONSES AND AVERMENTS**

Discovery and investigation may reveal that any one or more of the following defenses should be available to Auto-Owners in this matter.  Auto-Owners therefore asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Auto-Owners may withdraw any of these defenses as may be appropriate.  Further, Auto-Owners reserves the right to amend this answer to assert additional defenses or claims as discovery proceeds.  Further answering, and by way of defense, Auto-Owners states as follows:

15.     Defendant Auto-Owners avers and alleges that the death of George Patterson did not occur within 90 days of the date bodily injury was sustained which was a condition precedent to payment and/or coverage; therefore, no accidental death benefit was payable under the Accidental Death Benefit coverage of the subject insurance policy. A copy of the pertinent Auto-Owners declaration pages and Accidental Death Benefit coverage endorsement [Endorsement 17780 (5-03)] of the Homeowners Insurance Policy are attached hereto as Exhibit "1" and adopted by reference herein.

16.     Defendant Auto-Owners avers that Plaintiff's complaint and each count and cause therein, separately and severally, fail to state a cause of action against this

Defendant upon which relief can be granted.

17.   Defendant Auto-Owners pleads the general issue.

18.   Defendant Auto-Owners avers the Plaintiff has failed to meet conditions precedent to coverage under the Accidental Death Benefit provisions of the subject policy of insurance issued by Defendant Auto-Owners to George Patterson.

19.   Defendant Auto-Owners asserts as a defense to the claims of Plaintiff the terms, conditions, exclusions, limitations and entire contents of the policy which is at issue in this case. Without waiving any of the terms, conditions, or limitations of the policy, Auto-Owners sets forth the following specific policy provisions in defense of Plaintiff's claims.

[Endorsement 17780 (5-03)]
ACCIDENTAL DEATH BENEFIT
HOMEOWNERS

It is agreed:

\* \* \*

## COVERAGE

**We** shall pay an accidental death benefit in the event of a death of an **eligible person** provided:

1.   death is not the direct result of **bodily injury** sustained in an accident while occupying a **private passenger automobile** or while getting into or out of a **private passenger automobile**; and

2.   death of the **eligible person** occurs within 90 days of the date the **bodily injury** was sustained.

\* \* \*

## PAYMENT OF BENEFITS

**We** shall pay the accidental death benefit shown in the Declarations to the deceased **eligible person's** surviving spouse; if none, to surviving children, share and share alike; if

6

none, to surviving parents, share and share alike; if none, to
the **eligible person's** estate.

**BENEFIT LIMIT**

1.    **We** shall pay no more than the accidental death benefit
limit shown in the Declarations for each **eligible person**
for whom this benefit is payable.

20.    Defendant Auto-Owners asserts as a complete defense to Plaintiff's claims
that there is no privity of contract between Brunice Patterson and Defendant Auto-Owners.

21.    Defendant Auto-Owners asserts the affirmative defenses of any applicable
statute of limitations that may become applicable to bar recovery by Plaintiff.

22.    Defendant Auto-Owners avers that Plaintiff has not met all conditions
precedent to coverage existing under the applicable Auto-Owners Insurance policies.

23.    Defendant Auto-Owners asserts that Plaintiff's claims are precluded by the
statute of fraud. See, §8-9-2, Code of Alabama (1975); see also, Bruce v. Cole, 854 So.
2d 47 (Ala. 2003).

24.    The complaint fails to state a cause of action against Defendant Auto-Owners
for bad faith.

25.    Defendant Auto-Owners denies that it breached a contract of insurance with
Plaintiff.

26.    Defendant Auto-Owners adopts as a defense to Plaintiff's action the entire
contents of its insurance policy that was issued to its named insured, George Patterson,
and in force at the times material to this action.

27.    All tort claims alleged in Plaintiff's complaint are barred by the applicable
Alabama two year statute of limitations.

28.    Defendant Auto-Owners' actions and conduct were justifiable and reasonable.

29.    Defendant Auto-Owners pleads the equitable defenses of estoppel and/or waiver on the grounds that the death of George Patterson, deceased, did not occur within 90 days of the date the bodily injury was sustained.

30.    Defendant Auto-Owners avers that Plaintiff's decedent was not covered under the policy of insurance issued by Auto-Owners Insurance Company.

31.    Defendant Auto-Owners avers that all tort claims did not survive the death of George Patterson and are barred by the Alabama Survival Statute, §6-5-462, Code of Alabama (1975).

32.    Defendant Auto-Owners avers that Plaintiff lacks standing to pursue the claims contained in Plaintiff's complaint.

33.    Defendant Auto-Owners avers that Plaintiff lacks capacity and/or that the complaint fails to properly plead Plaintiff's capacity to pursue the claims contained in Plaintiff's complaint. See, §6-5-410, Code of Alabama (1975).

34.    Defendant Auto-Owners avers that Plaintiff's claims are not ripe for adjudication.

35.    Defendant Auto-Owners avers that Plaintiff's complaint is due to be dismissed and Plaintiff is barred from recovery as Plaintiff's damage is an essential ingredient of Plaintiff's claim, and said damages are not stated with specificity as required by Rule (9)(g) of the *Federal* or *Alabama* Rules *of Civil Procedure.*

36.    Defendant Auto-Owners avers Count Two of Plaintiff complaint is due to be dismissed and Plaintiff is barred from recovery as Plaintiff's complaint fails to plead her

allegations of bad faith, which is a species of fraud, with particularity as required by Rule 8 and 9(b) of the *Federal* or *Alabama Rules of Civil Procedure* and common law.

37.    Defendant Auto-Owners avers that Plaintiff's complaint is due to be dismissed as to this Defendant based upon insufficiency of process.

38.    Defendant Auto-Owners avers that Plaintiff's complaint is due to be dismissed as to this Defendant based upon insufficiency of service of process.

39.    Defendant Auto-Owners avers that it is not guilty of the matters and things alleged in Plaintiff's complaint.

40.    Defendant Auto-Owners denies the material allegations of Plaintiff's complaint and demands strict proof thereof.

41.    Defendant Auto-Owners avers and alleges that damages for mental anguish are not recoverable in this action by Plaintiff. Defendant Auto-Owners Insurance avers that Plaintiff was not in the "zone of danger" for the recovery of damages for mental anguish.

42.    Plaintiff is not entitled to recover punitive damages pursuant to the facts alleged in the Complaint.

43.    Defendant Auto-Owners avers that the invitation for a court or jury to impose liability for punitive damages without guidelines or standards for determination of the amount or proper circumstances for such an award is a denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

44.    The claim of Plaintiff for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

9

45.    Imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

(a)    The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant.

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(e)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(f)    The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

(g)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

10

(h)   The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review for the amount of punitive damages.

(i)   The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(j)   An award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

(k)   An award of punitive damages under the circumstances of this case would contravene the constitutional prohibition against vague and overboard laws.

(l)   Plaintiff's claims for recovery against this defendant contravene this defendant's rights under the constitutional provisions and standards set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678, 149 L.Ed.2d 674 (2001); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

46.   Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on Interstate Commerce.

47.   Defendant asserts as a defense to Plaintiff's claim for punitive damages the provisions of §6-11-27(a), Code of Alabama (1975).

11

48.    An award of punitive damages in this case, by which the jury seeks to regulate the conduct of the insurance business of Defendant Auto-Owners Insurance, is violative of the due process rights secured to Defendant Auto-Owners Insurance by the Constitution of the United States of America and by the State of Alabama in that such an award usurps the regulatory function assigned to the Insurance Department of the State of Alabama and fails to give fair notice to Defendant Auto-Owners Insurance of what conduct will be considered illegal.

49.    Defendant asserts as a defense and limitation to Plaintiff's claim for damages all tort reform provisions of the Alabama Tort Reform Statutes, §§ 6-11-1, *et seq.* of the Code of Alabama (1975), including but not limited to § 6-11-1, § 6-11-3, § 6-11-4, § 6-11-20, § 6-11-21, § 6-11-22, § 6-11-23, § 6-11-24, § 6-11-25, § 6-11-27, and § 6-11-28. Defendant Auto-Owners specifically avers that the punitive damages legislation set forth in §6-11-21, *Code of Alabama* (1975) is applicable to this case and more specifically referred to as the statutory provision applying caps to punitive damages.

50.    Defendant Auto-Owners denies that it was guilty of the type conduct required for the imposition of punitive damages under Alabama law. Defendant Auto-Owners demands clear and convincing evidence of such wrongful conduct.

51.    The complaint fails to state a claim for punitive damages upon which relief can be granted.

52.    Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless the Defendant is afforded the same procedural safeguards as are criminal

defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

53.    Subjecting Defendant to punitive damages, or affirming an award of punitive damages against Defendant in this case, would amount to and constitute a denial of due process as afforded by the Due Process clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)    any award of punitive damages against Defendant under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof beyond a reasonable doubt;

(b)    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c)    an award of punitive damages should not be permitted to be assessed against Defendant  for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant;

(d)    an award of punitive damages should not be permitted to be assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by

13

Defendant;

(e)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant;

(f)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(g)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(h)    an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

54.    The claim of the Plaintiff for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

55.    Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

56.    To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

57.    To award punitive damages against Defendant in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

14

58.    Plaintiff's Complaint seeks to make Defendant liable for punitive damages. Defendant adopts by reference the defenses, criteria, limitations and standards mandated by the Supreme Court of the United States in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678, 149 L.Ed.2d 674 (2001); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); and Philip Morris USA v. Williams, 127 S. Ct. 1057 (2007).

59.    The demand for punitive damages in this case is subject to those limitations established by the Alabama legislature and set forth in §6-11-21, Code of Alabama (1975).

60.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant Auto-Owners is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, §§ 1, 6 and 22 of the Alabama Constitution, separately and severally.

61.    Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

(b)    The Hammond and Green Oil procedure provides inadequate review as to

15

the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

(c)    The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

(d)    The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)    This procedure is inadequate in that the trial court according to *Hammond* and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)    The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

62.    If multiple punitive damage awards were assessed against Defendant Auto-Owners Insurance in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and the State of Alabama, violating Defendant Auto-Auto-Owners Insurance's rights to due process and to a jury trial and violating Defendant Auto-Owners Insurance's right against double jeopardy.

63.    If punitive damages were assessed against Defendant Auto-Owners Insurance for conduct or events allegedly occurring in states other than the forum state, Defendant Auto-Owners Insurance would be denied due process law, the right to trial by jury and the right against double jeopardy under the Constitution of the United States and

16

the State of Alabama.

64.    The imposition of punitive damages sought by Plaintiff violates Defendant's right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that make punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)    Defendant had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

(c)    Under Alabama law and the Alabama punitive damage scheme, the jury is

17

not instructed on the limits on punitive damages imposed or the purposes for which such damages are assessed.

(d)    Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)    No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678, 149 L.Ed.2d 674 (2001); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1990); Matthews v. Eldridge, 424 U.S. 319, 196 S.Ct. 893, 47 L.Ed.2d 18 (1976); and Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007) for the imposition of a punitive award.

(f)    Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)    Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

18

65.    The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner.  The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest.  As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

66.    Insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) Defendant's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

67.    As concerns all claims for punitive damages, Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama.  This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant

which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

68.    Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

69.    Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

70.    Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under

20

the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

71.    Plaintiff is not entitled to recover punitive damages from Defendant Auto-Owners pursuant to the facts as alleged in Plaintiff's complaint.

72.    Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Code of Alabama (1975).

73.    Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Code of Alabama (1975). This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993).

74.    Any and all claims for punitive damages in this action are limited in the amount by application of Code of Alabama §6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00. See also, Oliver v. Towns, 738 So. 2d 789 (Ala. 1999), affirmed following remand 770 So. 2d 1059 (Ala. 200).

75.    The holding of Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to Goodyear Tie & Rubber Co. v. Vinson, 749 So. 2d 393 (Ala. 1999), and supporting authority cited therein, which are adopted by reference as if it was set forth herein.

76.    The doctrine of revival dictates that upon the overruling of Henderson, the $250,000.00 cap provided by § 6-11-21, Code of Alabama (1975), is applicable to this case which was filed after that applicable section was enacted.

77.    At the time of the filing of this Answer discovery is not yet complete; therefore, Defendant Auto-Owners reserves the right to supplement its Answer, consistent

with all applicable orders of the Court, to assert such other defenses as may be revealed in discovery.

**WHEREFORE**, Defendant Auto-Owners Insurance Company hereby demands judgment be entered in its favor and that Plaintiff's complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and that all costs of this proceeding be taxed against the Plaintiff.

Dated this the 27th day of June, 2007.

Respectfully submitted,

ROGER S. MORROW (MOR032)

JOEL H. PEARSON (PEA019)
**ATTORNEYS FOR DEFENDANT**
**AUTO-OWNERS INSURANCE COMPANY**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone: (334) 262-7707**
**Facsimile:   (334) 262-7742**

**DEFENDANT DEMANDS A TRIAL BY STRUCK JURY**

OF COUNSEL

22

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 27th day of June, 2007.

Hon. Thomas B. Albritton
Albrittons, Clifton, Alverson,
Moody & Bowden, P.C.
P.O. Box 880
Andalusia, AL 36420

OF COUNSEL

23

# EXHIBIT "1"

# *Auto-Owners*

Page 1

17560 (09-90)
Issued 01-24-2006

INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

AGENCY **THE SERVICE AGENCY INC**
17-0168-00     Mkt Terr 041     (334) 493-3555

INSURED **GEORGE PATTERSON**

ADDRESS **503 FAIRVIEW AVE**
**OPP  AL  36467-1715**

**HOMEOWNERS POLICY DECLARATIONS**

Renewal Effective 03-01-2006

**POLICY NUMBER**     **42-153-809-01**

Company Use     38-89-AL-0003

| Agency Bill | **POLICY TERM** | |
|---|---|---|
| | 12:01 a.m. | 12:01 a.m. |
| | to | |
| | 03-01-2006 | 03-01-2007 |

In consideration of payment of the premium shown below, this policy is renewed.  Please attach this Declarations and attachments to your policy. If you have any questions, please consult with your agent.

| | TERM |
|---|---|
| TOTAL POLICY PREMIUM INCLUDING PERSONAL ARTICLES | $1,153.11 |

## LOCATION 001

### HOMEOWNERS POLICY FORM 3

**Location:**  503 FAIRVIEW AVE OPP AL 36467-1715

| PROPERTY AND PERSONAL LIABILITY PROTECTION COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| A Dwelling | $161,000 | $2,115.00 |
| B Other Structures | 32,200 | Included |
| C Personal Property | 112,700 | Included |
| D Additional Living Expense and Loss of Rents | 48,300 | Included |
| E Personal Liability (each occurrence) | 100,000 | Included |
| F Medical Payments (each person) | 1,000 | Included |

**PREMIUM ADJUSTMENTS THAT APPLY**

Section I Deductible  $1,000 - All Perils
Multi-Policy Discount
Mature Homeowner Discount - Policy Term Age 82
Deadbolt Locks Discount
Fire Extinguisher Discount
Smoke Detector Discount
    TOTAL PREMIUM ADJUSTMENTS                                     $1,419.33-

**ADDITIONAL COVERAGES THAT APPLY**

| | | |
|---|---|---|
| Personal Property Replacement Cost | | $233.00 |
| Guaranteed Home Replacement Cost | | 85.00 |
| Accidental Death Benefit | $20,000 | Included |
| Credit and Fund Transfer Card Coverage | 1,000 | Included |
| Loss Assessment Coverage | 2,500 | Included |
| Fire Department Charges | 500 | Included |

**RATING INFORMATION**

Adjusted Value Factor: 1.045
Construction:  Masonry Veneer          Rated Protection Class:  5          100% Rates Apply
Families:  1                           Hydrant:  Within 1,000 Feet        County:  20
Territory:  76                         Fire Dept:  Within 5 Miles             Covington
Occupancy:  Primary                    Location:  Inside City Limits      City:  2350
Year Built:  1967                      Responding Fire Dept:
                                         OPP
                                       No Solid Fuel Heating and No Fireplace

**FORMS THAT APPLY TO THIS LOCATION:**  17903  (02-96)     17360  (03-97)     17618  (02-96)
17662  (02-96)

**SECURED INTERESTED PARTIES:**     None

                                        LOCATION 001     $1,013.67

I certify that this policy was assembled from available records as a representation of coverage that was in effect for the policy period shown.

*Kassandra Campbell*

Date _____

AUTO-OWNERS INS. CO.

Page 2

17560 (09-90)
Issued 01-24-2006

AGENCY THE SERVICE AGENCY INC
17-0168-00    Mkt Terr 041

Agency   POLICY NUMBER    42-153-809-01
Bill     Company Use      38-89-AL-0003

INSURED GEORGE PATTERSON

Term 03-01-2006 to 03-01-2007

FORMS THAT APPLY TO ALL LOCATIONS:   17780  (05-03)   17386  (02-96)   17444  (04-04)
17381  (02-96)   17761  (06-05)   17447  (03-97)   16000  (04-81)

Countersigned By: _____

# *Auto-Owners*

Page 3

16000 (04-81)
Issued 01-24-2006

INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

AGENCY THE SERVICE AGENCY INC
17-0168-00     Mkt Terr 041  (334) 493-3555

INSURED GEORGE PATTERSON

ADDRESS 503 FAIRVIEW AVE
OPP  AL  36467-1715

**PERSONAL ARTICLES DECLARATIONS**

Renewal Effective 03-01-2006

**POLICY NUMBER      42-153-809-01**

Company Use        38-89-AL-0003

| Agency Bill | **POLICY TERM** | |
|---|---|---|
| | 12:01 a.m. | 12:01 a.m. |
| | | to |
| | 03-01-2006 | 03-01-2007 |

In consideration of payment of the premium shown below, this policy is renewed.  Please attach this
Declarations and attachments to your policy. If you have any questions, please consult with your agent.

---

### LOCATION 001

Location:  503 FAIRVIEW AVE OPP AL 36467-1715
County:  20  Covington

| ITEM | PROPERTY DESCRIPTION | RATING FACTOR | DED | AMOUNT | PREMIUM |
|---|---|---|---|---|---|
| **JEWELRY CLASS** | | | | | |
| 001 | LDS OVAL BRIL CUT DIAM 2.04CT CERTIFIED BY EGL. SI1 & G COLOR. 2312438023 | | $500 | $22,950 | $139.44 |
| | Forms that apply to this class:    16016  (09-00) | | | | |
| | JL CLASS TOTAL | | | $22,950 | $139.44 |

| | TERM |
|---|---|
| TOTAL PERSONAL ARTICLES PREMIUM | $139.44 |

A single deductible applies per claim.  If more than one item is involved in a claim,
the single highest applicable deductible amount is used.
Multi-Policy Discount Applies
Mature Homeowners Discount Applies

17780 (5-03)

# ACCIDENTAL DEATH BENEFIT
### Homeowners

It is agreed:

**DEFINITIONS**

The following definitions apply in addition to those contained in **SECTION I - DEFINITIONS** of the policy.

1. **Eligible person** means **you** or a **relative**.

2. **Private passenger automobile** means:

   a. a passenger or station wagon type **motor vehicle** with four or more wheels;

   b. pickup or van type **motor vehicle** with a gross weight of 15,000 pounds or less which is not used in the business of carrying passengers for hire; or

   c. a motorhome.

**COVERAGE**

**We** shall pay an accidental death benefit in the event of a death of an **eligible person** provided:

1. death is not the direct result of **bodily injury** sustained in an accident while occupying a **private passenger automobile** or while getting into or out of a **private passenger automobile**; and

2. death of the **eligible person** occurs within 90 days of the date the **bodily injury** was sustained.

**EXCLUSIONS**

**We** shall not pay an accidental death benefit if death results in any way from:

1. suicide, if sane;

2. intentional self-injury;

3. sickness of the body or mind;

4. infection or disease except:

   a. pyogenic infections which occur through an accidental cut or wound; and

   b. accidental ingestion of a poisonous food substance;

5. taking part in a felony;

6. asphyxiation, poison, gas or drugs as a result of a voluntary act of the **eligible person** except drugs taken as prescribed by a duly licensed physician;

Page 1 of 2

7.  an act of war, declared or undeclared, or any act related to war; or

8.  operating, descending from or riding in any type of **aircraft**. This also applies to persons being flown for the purpose of descent from the **aircraft** while in flight. This does not apply to a passenger with no duties on board an **aircraft** operated:

   a.  commercially over scheduled routes to transport passengers for hire; or

   b.  by a private business to transport its personnel or guests.

## PAYMENT OF BENEFITS

**We** shall pay the accidental death benefit shown in the Declarations to the deceased **eligible person's** surviving spouse; if none, to surviving children, share and share alike; if none, to surviving parents, share and share alike; if none, to the **eligible person's** estate.

## BENEFIT LIMIT

1.  **We** shall pay no more than the accidental death benefit limit shown in the Declarations for each **eligible person** for whom this benefit is payable.

2.  The limit of insurance is not increased because of the number of:

   (a) **insureds**;

   (b) persons injured;

   (c) claims made or **suits** brought; or

   (d) **insured premises** shown in the Declarations or premiums charged.

## CONDITIONS

1.  **We** must be furnished with:

   a.  a copy of the **eligible person's** death certificate; and

   b.  a sworn statement which identifies the person(s) entitled to the benefit.

2.  This benefit is primary and shall not be reduced by or be used to reduce any other coverage or benefit provided by this policy or a policy issued by **us** or a Company affiliated with **us**, except the Accidental Death Benefit of an Automobile policy issued by **us** or a Company affiliated with **us**.

All other policy terms and conditions apply.