IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUNICE PATTERSON, an individual, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AUTO-OWNERS INSURANCE )<br>COMPANY, a foreign corporation, )<br>BILL REAVES, an individual, )<br>and FICTITIOUS DEFENDANTS )<br>A-Z, those persons, firms or )<br>corporations who are unknown at )<br>this time, but who will be added )<br>by amendment when ascertained, )<br>)<br>Defendants. ) | Civil Action No. 2:07cv596-ID |

**MOTION TO REMAND**

COMES NOW the Plaintiff and moves this Court to Remand this action to the Circuit Court of Covington County, Alabama and to remand the Defendant's pending Motion to Dismiss, as well. In support of this Motion, the Plaintiff offers the following:

1. The Defendant bears the burden of establishing the propriety of removal, and, therefore, of establishing the existence of federal jurisdiction. Leonard v. Enterprise Rent-a-Car, 270 F.3d 967 (11th Cir. 2002). Removal infringes upon state sovereignty and implicates central concepts of federalism. Removal statutes, therefore, must be construed narrowly, with all doubts resolved in favor of remand. Allen v. Christenberry, 327 F.3d 1290 (11th Cir. 2003); Newman v. Spectrum Stores, Inc., 109 F. Supp. 2d 1342 (M.D. Ala. 2000).

2. This Court lacks jurisdiction under 28 U.S.C. § 1332 because the amount in controversy does not exceed this Court's jurisdictional limit of $75,000.00. The Complaint, itself,

is silent as to the amount in controversy. Counsel for the Plaintiff, however, affirms that the amount in controversy does not exceed this Court's jurisdictional limit. In support of this Motion, the Plaintiff offers the affidavit attached hereto has Exhibit "A."

3. Upon remand of this action, consideration of the Defendant's Motion to Dismiss is pretermitted by the Court's determination that it does not have jurisdiction. <u>University of S. Ala. v. American Tobacco Co.</u>, 168 F.3d 405 (11th Cir. 1999); <u>Adams v. Charter Communications, VII, LLC</u>, 356 F. Supp. 2d 1268 (M.D. Ala. 2005).

WHEREFORE, for the above reasons, the Plaintiff moves this Court to Remand this entire matter to the Circuit Court of Covington County, Alabama.

> s/Thomas B. Albritton
> Thomas B. Albritton (ALB009)
> Attorney for Plaintiff

OF COUNSEL:
ALBRITTONS, CLIFTON, ALVERSON
MOODY & BOWDEN, P.C.
P.O. Box 880
Andalusia, AL 36420
(334)-222-3177
(334)-222-2696

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing upon all counsel of record in this cause by e-service on this, the <u>17th</u> day of <u>July</u>, 2007:

Roger S. Morrow
Joel H. Pearson
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804

> s/Thomas B. Albritton
> Of Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRUNICE PATTERSON, an individual, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Civil Action No. 2:07cv596-ID |
| AUTO-OWNERS INSURANCE COMPANY, a foreign corporation, BILL REAVES, an individual, and FICTITIOUS DEFENDANTS A-Z, those persons, firms or corporations who are unknown at this time, but who will be added by amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### AFFIDAVIT OF COUNSEL

COMES NOW the undersigned, counsel for the Plaintiff, and after being duly sworn, states under oath as follows:

1. My name is Thomas B. Albritton and I am counsel for the Plaintiff, Brunice Patterson, who has filed suit against Auto-Owners Insurance Company and Mr. Bill Reaves.

2. When I filed the above-styled Complaint, I did not intend to seek damages in an amount that exceeds $74,999.00, exclusive of interest and costs.

3. I irrevocably agree that the amount of damages claimed by me in this action does not exceed $74,999.00, exclusive of interest and costs.

4. The Plaintiff's damages do not exceed $74,999.00, exclusive of interest and costs. The insurance policy at issue provides accidental death benefits of $20,000.00. Even though mental anguish damages and punitive damages may be awarded in this case, an award of three


EXHIBIT "A"

times the value of the policy, but less than the jurisdictional limit for this Court, would adequately compensate the Plaintiff in this case.

5.  I will not under any circumstances accept a judgment in this case in excess of $74,999.00, exclusive of interest and costs.

FURTHER AFFIANT SAYETH NOT.

_____
Thomas B. Albritton

STATE OF ALABAMA   )
COVINGTON COUNTY   )

I, __Paula S. Tillman__, a Notary Public in and for said County, in said State, hereby certify that Thomas B. Albritton, whose name is signed to the foregoing affidavit and who is known to me, after first being duly sworn, acknowledged before me on this day that, being informed of the contents of this document, and having reviewed same, that said document is true; he then executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this __17th__ day of __July__ 2007.

_____
Notary Public

My commission expires: __July 20, 2010__