IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUNICE PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: 2:07-cv-596-ID |
| v. | ) |
| | ) |
| AUTO-OWNERS INSURANCE | ) |
| COMPANY, a foreign | ) |
| corporation, BILL REAVES, an | ) |
| individual, and Fictitious | ) |
| Defendants A-Z, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANTS' RESPONSE TO MOTION REMAND

**COMES NOW** Defendants, Auto-Owners Insurance Company (Auto-Owners) and Bill Reaves ("Reaves"), and pursuant to this Honorable Court's July 18, 2007 order (Doc. 8), and respond to Plaintiff's motion to remand (Doc. 7) as follows, to wit:

1. Defendant Auto-Owners filed a timely notice of removal of this action to the United States District Court for the Middle District of Alabama, alleging diversity jurisdiction as the basis for removal. See, 28 U.S.C. §§1332(a) and 1441(b); see also, Doc. 1. Defendant, Bill Reaves, filed a timely notice of consent to removal. See, Doc. 2. Defendant Auto-Owners' notice of removal asserted that the joinder of Defendant Bill Reaves did not preclude removal as he was fraudulently joined, and Defendant Reaves was to be ignored for purposes of determining the existence of complete diversity. See, Doc. 1 at ¶13 and 14.

2. Defendant Reaves filed a motion to dismiss Plaintiff's Complaint conclusively demonstrating that all claims against Defendant Reaves are due to be dismissed. See,

Doc. 5.

3. This Honorable Court entered an order on July 2, 2007 (Doc. 6) that Plaintiff show cause why Defendant Reaves' motion to dismiss should not be granted. See, Doc. 6.

4. On July 17, 2007, Plaintiff filed a motion to remand this action and Defendant's pending motion to dismiss to the Circuit Court of Covington County. See, Doc. 7-1. Although the motion to remand does not address the grounds set forth in Defendant Reaves' motion to dismiss, Plaintiff's motion to remand asserted that this Court lacks jurisdiction under 28 U.S.C. §1332 because the amount in controversy does not exceed the Court's jurisdictional limit of $75,000.00. See, Doc. 7-1 at ¶ 2.

5. Defendants acknowledge that the determination of the motion to remand and subject matter jurisdiction necessarily precedes the determination of Defendant Reaves' motion to dismiss. See, University of South Alabama v. American Tobacco Company, 168 F. 3d 405, 411 (11th Cir. 1999); See also, Nichols v. Southeast Health Plan of Ala., Inc., 859 F. Supp. 553, 559 (S. D. Ala. 1993) ("a federal court lacking subject matter jurisdiction cannot rule on other pending motions").

6. This Honorable Court stated in Lacey v. Dollar General Corp. 2005 WL 3240708 (M.D. Ala. 2005) whether a federal court has jurisdiction over a removed lawsuit depends upon the pleadings at the time of removal. See, id. at * 1. This Honorable Court further recognized in Lacey that a Plaintiff cannot reduce her claim for damages after removal to defeat federal court jurisdiction. See, id. at * 2. Lacey, however, held that based on Plaintiff's affidavit submitted in support of motion to remand that Plaintiff intended at the time the complaint was filed to seek no more than $75,000.00 in damages. See, id.

Because the Plaintiff did not seek more than the jurisdictional amount when she filed her complaint, the district court in Lacey was divested of subject matter jurisdiction over the removed case and Plaintiff's motion to remand the action to the Circuit Court of Covington County, Alabama was granted. See, id. A similar result was reached by this Honorable Court in Brooks v. Pre-Paid Legal Services, Inc., 153 F. Supp. 2d 1299 (M.D. Ala. 2001) and in Moss v. Voyager Ins. Co., 43 F. Supp. 2d 1298 (M.D. Ala. 1999), and by Chief Judge Mark Fuller in Thornton v. Waffle House, Inc., 2006 WL 2631350 (M.D. Ala. 2006).

7. In this case, Plaintiff's motion to remand states that Plaintiff "affirms that the amount in controversy does not exceed the Court's jurisdictional limit". See, Doc. 7-1 at ¶ 2. In his affidavit attached to Plaintiff's motion to remand, Plaintiff's counsel states that "[w]hen I filed the above-styled Complaint, I did not intend to seek damages in an amount that exceeds $74,999.00 exclusive of interest and costs". See, Doc. 7-2 at ¶ 2.

8. A copy of this Honorable Court's unpublished opinion in Lacey, supra, and Chief Judge Fuller's unpublished opinion in Thornton, supra, are attached to this response as Exhibit "1". To the extent Plaintiff and her counsel are determined by this Court to be bound by their representations herein and in the manner set forth by this Court in Lacey, Brooks, Moss and Thornton, remand appears appropriate, with ruling on Defendant Reaves' motion to dismiss reserved for ruling by the circuit court. If the Court were, however, to find that Plaintiff and her counsel are not bound as in Lacey, Brooks, Moss and Thornton, Defendants alternatively assert that they have demonstrated by a preponderance of the evidence that at the time of removal, the amount in controversy, exclusive of interest and costs, exceeded $75,000.00, and subsequent events including Plaintiff's reduction of the amount demanded $1.00 below the jurisdictional minimum does

not divest the Court of subject matter jurisdiction.  See, Poore v. American-Amicable Life Ins. Co. of Texas, 218 F. 3d 1287, 1291 (11th Cir. 2000) ("We join our sister circuits and conclude the amendments to §1447(c) did not alter the fact that in this case, the district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction.").  It was, however, recently stated in Thornton that this Court "has routinely considered and given effect to such post-removal affidavits or binding stipulations". Thornton, supra, at * 2.

**WHEREFORE, THESE PREMISES CONSIDERED**, Defendants Auto-Owners Insurance Company and Bill Reaves, pursuant to this Honorable Court's July 18, 2007, order (Doc. 8), file their response to Plaintiff's motion to remand.

Respectfully submitted this the 27th day of July, 2007.

Respectfully submitted,

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON (PEA019)
ATTORNEYS FOR DEFENDANTS
AUTO-OWNERS INSURANCE COMPANY
AND BILL REAVES

OF COUNSEL:

**MORROW, ROMINE & PEARSON, P.C.**
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone: (334) 262-7707
Facsimile: (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 27th day of July, 2007.

Hon. Thomas B. Albritton
Albrittons, Clifton, Alverson,
Moody & Bowden, P.C.
P.O. Box 880
Andalusia, AL 36420

OF COUNSEL

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2005 WL 3240708 (M.D.Ala.)
**(Cite as: Not Reported in F.Supp.2d)**

Lacey v. Dollar General Corp.
M.D.Ala.,2005.
Only the Westlaw citation is currently available.
United States District Court,M.D. Alabama, Northern Division.
Mary LACEY, Plaintiff,
v.
DOLLAR GENERAL CORP., Defendant.
**No. Civ.A.2:05CV1041-D.**

Nov. 30, 2005.

Richard Elder Crum, Cobb, Shealy, Crum & Derrick, PA, Dothan, AL, for Plaintiff.
Rick D. Norris, Jr., and Robert S. Lamar, Jr., Lamar, Miller, Norris, Haggard & Christie, PC, Birmingham, AL, for Defendant.

*MEMORANDUM OPINION AND ORDER*
DEMENT, Senior J.

I. INTRODUCTION

*1 Before the court is Plaintiff Mary Lacey's motion to remand. (Doc. No. 3.) Plaintiff originally filed this lawsuit in the Circuit Court of Covington County, Alabama, alleging that she was injured as result of Defendant Dollar General Corp.'s negligence and wantonness when she tripped on a rug while shopping in one of Defendant's stores. Defendant timely filed a Notice of Removal to the United States District Court for the Middle District of Alabama, alleging diversity jurisdiction as the basis of removal. See 28 U.S.C. §§ 1332(a), 1441(b). Claiming that the amount in controversy is insufficient to invoke the court's jurisdiction, Plaintiff moves for remand for lack of subject matter jurisdiction. For the reasons to follow, the court finds that the requisite amount in controversy is not present in this case and that, therefore, the motion to remand is due to be granted.

II. REMAND STANDARD

A defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir.2001). Federal district courts are " 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. of South Alabama v. The American Tobacco Co., 168 F.3d 405, 409 (11th Cir.1999) (quoting Taylor v. Appleton, 30 F.3d 1365 (11th Cir.1994)). Accordingly, the federal removal statutes must be strictly construed against removal, and, generally speaking, all doubts about removal must be resolved in favor of remand. See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir.1979).

Here, Defendant predicates federal removal jurisdiction based upon diversity of citizenship. See 28 U.S.C. §§ 1332(a), 1441(b). A federal district court has diversity jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). To sustain federal removal jurisdiction based on diversity of citizenship in a case in which the complaint as filed in a state court seeks an unspecified amount of damages, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy, exclusive of interest and costs, exceeds $75,000. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir.1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir.2000).

Whether a federal court has jurisdiction over a removed lawsuit depends upon the pleadings at the time of removal. See Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir.2000). "If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, do not divest the court of

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT "1"**

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 3240708 (M.D.Ala.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002) (citing *Poore*, 218 F.3d at 1291).

### III. BACKGROUND

*2 Plaintiff alleges that on or about October 9, 2003, she entered Defendant's place of business in Andalusia, Alabama, and "stumbled over a rug and fell to floor, injuring her head, neck, arm, upper extremities, and body as a whole." (Compl.PP 6-7.) In her two-count Complaint, Plaintiff brings claims against Defendant for negligence and wantonness and seeks an unspecified amount of compensatory and punitive damages.

### IV. DISCUSSION

Plaintiff has moved for remand in this case arguing that the jurisdictional amount has not been met. In support of her contention, Plaintiff has submitted an Affidavit in which she states that she did not intend to seek damages in excess of $75,000 at the time the Complaint was filed; that the amount of damages claimed is and will forever be less than the jurisdictional minimum; that she will under no circumstances accept a judgment or settlement in this case in excess of $75,000; and that her limitation of damages is binding on her "heirs and assigns." (Pl. Aff. at 1 (attached as Ex. A. to Mot. to Remand).)

Although Plaintiff cannot reduce her claim for damages after removal to defeat federal court jurisdiction, *see St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293-94, 58 S.Ct. 586, 82 L.Ed. 845 (1938), Plaintiff has stated by affidavit that she intended at the time the Complaint was filed to seek no more than $75,000 in damages. That is the time when the jurisdictional amount is measured. Based on Plaintiff's Affidavit, the court finds that Plaintiff did not seek more than the jurisdictional amount when she filed her Complaint. *See Poore*, 218 F.3d at 1291; *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F.Supp.2d 1299, 1302 (M.D.Ala.2001) (DeMent, J.). Consequently, the court finds that it is divested of subject matter jurisdiction over this removed case.

Plaintiff also has stated that, in this case, she will neither seek nor accept an award for more than the jurisdictional amount. The court emphasizes that, while it does not call into question the integrity of Plaintiff's damages limitation, should she disregard her demand and pursue or accept damages in excess of $75,000, then upon application to the court by opposing counsel, an investigation into the representations of Plaintiff's counsel to this court will be swift in coming. Further, the court forewarns Plaintiff that sanctions, should they be deemed appropriate, will be painful upon arrival. *See* Fed.R.Civ.P. 11; M.D. Ala. L.R. 83.1.

### V. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiff's motion to remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Covington County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

M.D.Ala.,2005.
Lacey v. Dollar General Corp.
Not Reported in F.Supp.2d, 2005 WL 3240708 (M.D.Ala.)

END OF DOCUMENT

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy
Slip Copy, 2006 WL 2631350 (M.D.Ala.)
**(Cite as: Slip Copy)**

Page 1

Thornton v. Waffle House, Inc.
M.D.Ala.,2006.
Only the Westlaw citation is currently available.(WO-Not Recommended for Publication)
United States District Court,M.D. Alabama,Northern Division.
Michael THORNTON, Plaintiff,
v.
WAFFLE HOUSE, INC., et al., Defendants.
**No. 2:06-cv-446-MEF.**

Sept. 13, 2006.

Richard Freeman Horsley, Goozee, King & Horsley, Birmingham, AL, for Plaintiff.
John James Coleman, III, Stephen James Bumgarner, Burr & Forman LLP, Birmingham, AL, for Defendants.
CPO Crime Prevention, Columbus, GA, pro se.
Lamar Greene, Columbus, GA, pro se.
James Hill, Columbus, GA, pro se.

***MEMORANDUM OPINION AND ORDER***
MARK E. FULLER, Chief District Judge.
\*1 On April 14, 2006, the plaintiff Michael Thornton ("Thornton") filed the a complaint in the Circuit Court of Barbour County, Alabama, seeking an unspecified amount of compensatory and punitive damages for various claims arising under Alabama law. (Doc.# 1, Compl.). One of the defendants, Waffle House, Inc.("Waffle House"), removed the action to this court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).[FN1] This cause is now before the Court on Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12).[FN2] For the reasons set forth below, the Court finds that the petition is due to be GRANTED.

> FN1. While the plaintiff did allege that one of the defendants, James Hill, was, like plaintiff, a resident of Barbour County, Alabama, it now appears undisputed that Hill is a resident of Columbus, Georgia. Accordingly, it is undisputed that plaintiff is a citizen of Alabama and all defendants are citizens of states other than Alabama for purposes of diversity jurisdiction.

> FN2. On August 2, 2006, this court denied Plaintiff's Petition to Remand Case to State Court because it was not properly supported, but granted the plaintiff leave to file another motion seeking remand at a later date. On August 9, 2006, the plaintiff filed Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12).

**DISCUSSION**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir.1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen,* 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75, 000,* is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 2
Slip Copy, 2006 WL 2631350 (M.D.Ala.)
**(Cite as: Slip Copy)**

significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

The Eleventh Circuit Court of Appeals has held that where a complaint specifically claims damages less than the requisite jurisdictional amount for diversity jurisdiction, a defendant must prove to a "legal certainty" that plaintiff's claims would not yield a recovery less than the jurisdictional amount to keep a removed case in federal court. *See, e.g., Burns,* 31 F.3d at 1095. However, when the complaint contains an unspecified demand for damages, a removing defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356-57 (11th Cir.1996); *Moss v. Voyager Ins. Cos.,* 43 F.Supp.2d 1298, 1301 (M.D.Ala.1999). "In cases where plaintiff has made such an unspecified damages demand, 'a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer.' " *Moss,* 43 F.Supp.2d at 1301 (citing *Tapscott,* 77 F.3d at 1356-57).

*2 In this case, Thornton's Complaint sets forth an unspecified demand for punitive and compensatory damages. (Doc. # 1). However, in support of Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12), Thornton submitted an Affidavit, wherein he clarified: that at the time he filed the Complaint the amount in controversy was not in excess of $74,999; that the amount in controversy did not exceed that sum at the time the case was removed to federal court; that his injuries and damages do not justify and did not justify a jury award or settlement in excess of that amount; that he does not currently seek more than that sum; and that he would not accept a jury verdict in excess of $74,999. (Doc. # 12-2 & 12-3 at ¶¶ 3-4).

In assessing whether it has subject matter jurisdiction, this Court must determine whether subject matter jurisdiction existed at the time of the removal. *See, e.g., Poore v. American-Amicable Life Ins. Co. of Tex.,* 218 F.3d 1287, 1290-91 (11th Cir.2000); *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir.2000) (jurisdictional facts that support removal must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time); *Moss,* 43 F.Supp.2d at 1303. It is clearly established in this circuit that the district court may "consider post-removal evidence" in determining the propriety of removal. *Sierminski,* 216 F.3d at 949. Under *Sierminski,* a plaintiff's affidavit may be considered in determining jurisdiction to the extent that it clarifies the complaint by identifying that the amount in controversy was not in excess of $75,000.00 at the time the case was removed and will not be in excess of $75,000.00 in the future. *See Moss,* 43 F.Supp.2d at 1303-1304 (because plaintiff had "submitted a binding Stipulation in which she promised to neither seek nor accept damages in excess of $75,000," the defendants failed to prove by a preponderance of the evidence that damages would exceed $75,000.).

Here, the Affidavit Thornton submitted in support of Plaintiff's Renewed Petition to Remand Case to State Court makes such a clarification. Specifically, the Affidavit establishes that, at the time the Complaint was filed and at the time of removal, Thornton did not seek more than the jurisdictional amount and that Thornton will not accept a jury award for more than the jurisdictional amount. As a result, Thornton's Affidavit establishes that the amount he seeks in damages is less than the jurisdictional amount. *See also Brooks v. Pre-Paid Legal Servs., Inc.,* 153 F.Supp.2d 1299, 1300-01 (M.D.Ala.2001) (case remanded to state court because the amount in controversy requirement was not met where plaintiff filed a post-removal affidavit establishing that the damages sought were below the jurisdictional amount); *Hill v. MONY Life Ins. Co.,* 75 F.Supp.2d 1328, 1330 (M.D.Ala.1999).

In response, Waffle House argues that Thornton's Affidavit is not credible because he missed earlier opportunities to clarify the amount in controversy. The Court does not agree. Further, Waffle House argues that Thornton's Affidavit is merely an improper attempt to divest this Court of subject matter jurisdiction by reducing the amount in controversy after removal. The Court agrees with Waffle House that a plaintiff cannot reduce his claim after removal to defeat federal court jurisdiction. *See St. Paul Mercury Indem. Co. v. Red*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2006 WL 2631350 (M.D.Ala.)  
**(Cite as: Slip Copy)**

Page 3

*Cab Co.*, 303 U.S. 283, 294 (1938). Nevertheless, the Court does not find that Thornton has done so in this case. Thornton's Affidavit establish that at the time the Complaint was filed, he did not seek more than the jurisdictional amount. Moreover, Thornton's Affidavit clarifies the Complaint by identifying the true amount in controversy both at the time it was filed and at the time of removal, and has satisfied this court that this amount will never exceed the jurisdictional minimum. Hence, the evidence indicates that Thornton has not reduced his claims; rather, he has merely clarified his claims. This Court notes that it has routinely considered and given effect to such post-removal affidavits or binding stipulations, and hence it will do so in this case.

*3 In so finding, the Court emphasizes that, while it does not call into question the integrity or statements made herein by counsel or the binding stipulation made by Thornton in his Affidavit, should Thornton disregard his stipulation and pursue or accept damages in excess of $75,000, then upon application to the Court by opposing counsel, an investigation into the representations of Thornton and his counsel to this Court will be swift in coming. Further, the Court forewarns Thornton and his counsel that sanctions, should they be deemed appropriate, will be painful upon arrival.

### CONCLUSION

Upon consideration of Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12), and Waffle House's response to that motion, it is hereby ORDERED as follows:

1. Plaintiff's Renewed Petition to Remand Case to State Court (Doc. # 12) is GRANTED.

2. This cause is hereby REMANDED to the Circuit Court of Barbour County, Alabama.

3. The Clerk of the Court is DIRECTED to take all steps necessary to effect this remand.

M.D.Ala.,2006.  
Thornton v. Waffle House, Inc.  
Slip Copy, 2006 WL 2631350 (M.D.Ala.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.