IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUNICE PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIV. ACT. NO. 2:07cv596-ID |
| v. | )           (WO) |
| | ) |
| AUTO-OWNERS INS. CO., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This insurance litigation, originally filed in the Circuit Court of Covington County, Alabama, arises from a dispute over a claim Plaintiff Brunice Patterson ("Patterson") filed with Defendant Auto-Owners Insurance Co. ("Auto-Owners") for accidental death benefits under a homeowners' insurance policy. In her complaint, Patterson brings claims for breach of contract and bad faith. She seeks an unspecified amount of compensatory and punitive damages. Auto-Owners timely filed a notice of removal to the United States District Court for the Middle District of Alabama, alleging diversity jurisdiction. See 28 U.S.C. §§ 1332(a), 1441(b). Claiming that the amount in controversy is insufficient to invoke the court's diversity jurisdiction, Patterson filed a motion to remand this lawsuit back to state court. (Doc. No. 7.) After careful consideration of Patterson's motion, the affidavit which accompanies the motion, and the response filed by Auto-Owners and Defendant Bill Reaves, (Doc. Nos. 7, 9), the court finds that the motion is due to be granted on the terms and conditions set out herein.

Based on Patterson's damages stipulation, the court finds that Patterson has clarified that at the time of removal she intended to limit her recovery to less than the jurisdictional minimum. Significantly, Patterson has represented that she will neither ask for nor accept damages more than $75,000. Poore v. American- Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000) (holding that "district court must determine whether it had subject matter jurisdiction at the time of removal"); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (setting parameters for court's consideration of post-removal evidence when assessing removal jurisdiction); cf. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 808 (11th Cir. 2003) (accepting as true lawyers' representations that insured in declaratory judgment action "does not seek and . . . *will not accept* damages" exceeding the jurisdictional amount and affirming judgment of dismissal) (emphasis in original). The court finds, therefore, that on the date of removal the amount in controversy requested in the complaint did not exceed $75,000, and that Auto-Owners, the removing Defendant, has not met its burden of showing that more than the jurisdictional amount has been sought in this case. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996) (establishing that preponderance-of-the-evidence standard governs defendant's burden of proving removal jurisdiction when damages are unspecified), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). In so finding, the court emphasizes that, while it does not call into question the integrity of the damages demand, should Patterson disregard her demand and pursue or accept damages in excess of $75,000, then upon application to the court by opposing counsel, sanctions will be swift in coming and

painful upon arrival.  <u>See</u> Fed. R. Civ. P. 11; M.D. Ala. L.R. 83.1.  Under these terms, Defendants have no objection to the motion to remand.  (Doc. No. 9 ¶ 8.)

Based on the foregoing, it is CONSIDERED and ORDERED that Patterson's motion to remand be and the same is hereby GRANTED and that this action is hereby REMANDED to the Circuit Court of Covington County, Alabama, pursuant to 28 U.S.C. § 1447(c).  The Clerk is DIRECTED to take all steps necessary to effectuate said remand.

DONE this 14th day of August, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).